UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH NOLAND and
CASSANDRA NOLAND,

               Plaintiffs,                          Case No. 11-11885
                                                                   Honorable Patrick J. Duggan

v.

ALLSTATE INDEMNITY CO.,

               Defendant.
_____/

## OPINION AND ORDER (1) GRANTING PLAINTIFFS' MOTION FOR REINSTATEMENT; AND (2) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

       This matter presently is before the Court on Plaintiffs' *ex parte* motion for reinstatement and Defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.  The Court held a hearing with respect to the motions on October 13, 2011.

### Background

       Plaintiffs filed this lawsuit against Defendant in the Circuit Court for Wayne County, Michigan, on January 7, 2011– according to Defendant, one day before the applicable statute of limitations expired. On April 6, 2011, two days before the summons issued by the state court was set to expire, Plaintiffs served Defendant with the summons and a copy of the complaint.  Plaintiffs, however, did not immediately file a return of service in the state court; and therefore, on April 14, 2011, the state court automatically

dismissed the lawsuit for lack of service pursuant to Michigan Court Rule 2.102(E).

Plaintiffs thereafter filed an *ex parte* motion for reinstatement on April 26, 2011.

Defendant, allegedly unaware of the lawsuit's dismissal and Plaintiffs' pending motion,

removed Plaintiffs' complaint to federal court based on diversity jurisdiction.

Surprisingly, neither Plaintiffs' counsel nor Defendant's counsel (when the latter

became aware of the state court dismissal at the May 25, 2011 Scheduling Conference),

alerted the Court to the posture of the case.  The Court, however, became aware of the

state court's dismissal order and Plaintiffs' subsequent and undecided motion to reinstate

when reviewing Defendant's pending motion for summary judgment.[1]  Before reaching

Defendant's motion, this Court must rule first on Plaintiffs' motion to reinstate (as the

Court's denial of the latter motion renders the former motion moot).

### Plaintiffs' Motion for Reinstatement

Pursuant to Michigan Court Rule 2.102, a court may reinstate an action that is

dismissed due to the failure to serve a defendant within the time set forth in the rule,

provided the following conditions are satisfied:

---

[1]In response, uncertain of its authority to adjudicate a case removed from state court *after* the state court dismissed the lawsuit, this Court issued a show cause order. (Doc. 16.)  The show cause order required Defendant to show cause as to why the action should not be dismissed for lack of federal jurisdiction.  Defendant responded to the show cause order and satisfied the Court that it has jurisdiction to adjudicate Plaintiffs' motion for reinstatement and, if granted, their Complaint.  *See Granny Goose Foods, Inc. v. B'hood of Teamsters Local 70*, 415 U.S. 423, 436, 94 S. Ct. 1113 (1974); *Murray v. Ford Motor Co.*, 770 F.2d 461, 464 (5th Cir. 1985)  The Court therefore set aside the order to show cause.  (Doc. 18.)

(1) within the time provided in subrule (D) [i.e. before the summons expires], service of process was in fact made on the dismissed defendant, or the defendant submitted to the court's jurisdiction;

(2) proof of service of process was filed or the failure to file is excused for good cause shown;

(3) the motion to set aside the dismissal was filed within 28 days after notice of the order of dismissal was given, or, if notice of the order of dismissal was not given, the motion was promptly filed after the plaintiff learned of the dismissal.

MCR 2.102(F).  Plaintiffs satisfied all of these conditions.[2]  When asked at the motion hearing, Defendant's counsel was unable to articulate a reason for denying Plaintiffs' motion for reinstatement other than the statute of limitations argument asserted in support of Defendant's summary judgment motion.  The Court therefore is granting Plaintiffs' motion to reinstate this action.

### Defendant's Motion for Summary Judgment

Defendant argues in its motion for summary judgment that Plaintiffs' lawsuit nevertheless must be dismissed, now with prejudice.  Equating the dismissal pursuant to Michigan Court Rule 2.102(E) to a voluntary dismissal, Defendant argues that the statute of limitations continued to run upon the state court's entry of the April 14, 2011 order of dismissal and expired one day later.  Defendant cites no support for its argument.  This

---

[2]In its motion for summary judgment, Defendant discusses the factors relevant to a court's decision whether to reinstate an action dismissed for lack of progress under Michigan Court Rule 2.502.  (*See* Doc. 8 at 7 (citing *Wickings v. Arctic Enters., Ins.*, 244 Mich. App. 125, 138, 624 N.W.2d 197 (2000).)  The state court dismissed this action, however, pursuant to Michigan Court Rule 2.102.  Thus this Court finds the factors discussed in Defendant's motion irrelevant to the present case.

perhaps is because Michigan courts considering the matter have held that the two types of dismissals are not the same and do not have the same effect on the statute of limitations. *See Gagnon v. Stanley*, Nos. 235217, 238380, 2003 WL 1795554, at *1 (Mich. Ct. App. Apr. 3, 2003) (unpublished opinion) (citing *Goniwicha v. Harkai*, 393 Mich. 255, 255-56, 224 N.W.2d 284 (1974) (indicating that a reinstatement is treated differently than a new complaint and that "[a] reinstated complaint relates back to the original complaint"); *see also Andrews v. Allstate Ins. Co*., 479 F. Supp. 481, 485 (E.D. Mich. 1979) (explaining the distinction between the tolling of the statute of limitations in a second suit, separately commenced, and a suit that is reinstated).

   Other courts have more clearly expressed that there are no statute of limitations concerns where a timely filed action is dismissed by the court and subsequently reinstated, particularly where (as here) the defendant was timely served with the complaint.  *See, e.g., Peterson v. BMI Refractories*, 132 F.3d 1405 (11th Cir. 1998); *Ford v. Sharp*, 758 F.2d 1018 (5th Cir. 1985).  In *Ford*, the Fifth Circuit Court of Appeals held that, where a court dismisses a lawsuit without prejudice for failure to prosecute and subsequently reinstates the action upon the plaintiff's timely motion, the time for purposes of the statute of limitations is calculated backward from the time the original complaint was filed. 758 F.2d at 1024.  The court reasoned: "This is not a new action that can be treated as if the original action had never filed; the district court merely reopened the original case." *Id*. The court expressly distinguished a dismissal based on the plaintiff's failure to prosecute– which is involuntary and (oftentimes) without notice–

4

from a plaintiff's voluntary dismissal.

The Eleventh Circuit Court of Appeals reached the same conclusion in *Peterson*. 132 F.3d at 1414. In *Peterson*, the plaintiffs filed their lawsuit within the statute of limitations. Like the pending matter, the state court subsequently dismissed the complaint for failure to serve the defendant and the statute of limitations, if it continued to then run, expired by the time the plaintiffs moved to reinstate the action. After the state court granted the plaintiffs' motion, the defendant moved for summary judgment arguing *inter alia* that the reinstatement was tantamount to the filing of a new lawsuit and thus the plaintiffs' claims were time-barred. *Id*. The Eleventh Circuit disagreed, holding that "[t]he reinstatement of the original suit was not the commencement of the action, rather, the action was commenced with the timely filing of the state court suit." *Id*. The court continued: "The dismissal by the state court was involuntary and without notice, and the plaintiffs promptly moved to reopen the suit. As such, the reinstatement by the state court was not the initiation of a new action, but rather the reopening of the original case." *Id*. (citing *Ford*, 758 F.2d at 1024).

Beyond the Fifth and Eleventh Circuits, this Court located only three additional decisions addressing the statute of limitations issue presented in this case: *Vasquez v. Carey*, No. 03-CIV-3905, 2010 WL 1140850, at *10 n.9 (S.D.N.Y. Mar. 24, 2010) (unpublished opinion); *Fahy v. Page*, No. 01-C-7532, 2004 WL 1093376, at (N.D. Ill. May 7, 2004) (unpublished opinion) (citing *Feldman v. Am. Mem'l Life Ins. Co.*, 1998 WL 102663, at 3 (N.D. Ill. Mar. 3, 1998) (unpublished opinion) (citing *Peterson* and

5

*Sharp*)).  Nevertheless, as indicated earlier, Defendant cites no cases reaching a contrary holding.

Thus this Court holds that the statute of limitations is calculated from the date a lawsuit is filed where the lawsuit is timely filed, timely served upon the defendant, subsequently involuntarily dismissed by the court, and subsequently reinstated.  The limitations period does not continue to run following the involuntary dismissal.  As a result, the statute of limitations is not a bar to Plaintiffs' claims in this lawsuit.

Accordingly,

**IT IS ORDERED**, that Plaintiffs' motion for reinstatement is **GRANTED**;

**IT IS FURTHER ORDERED**, that Defendant's motion for summary judgment is **DENIED**.

Date: October 14, 2011                          s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:
Joseph L. Milanowski, Esq.
John D. Honeyman, Esq.
Paul H. Johnson Jr., Esq.